UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-60292-CR-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

vs.

DONALD MATHIAS,

        Defendant.
_____/

## PLEA AGREEMENT

The United States of America and DONALD MATHIAS (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to counts 7, 8, 14, and 15 of the indictment, which charge the defendant with traveling in foreign commerce and engaging in illicit sexual conduct with minors, in violation of Title 18, United States Code, Section 2423(c).

2. The United States agrees to seek dismissal of the remaining counts of the indictment, after sentencing.

3. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline

range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that, as to each count, the court may impose a statutory maximum term of imprisonment of up to thirty (30) years. Following the term of imprisonment, the court must impose a term of supervised release of at least five (5) years and may impose up to a maximum of life. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000.00, and shall order restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $400.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official. The defendant understands and acknowledges that providing a full, accurate and complete disclosure of known or suspected criminal activity to the probation office or the government, does not entitle the defendant to any benefit for cooperation such as a Federal Rule of Criminal Procedure Rule 35 motion or a motion for departure under United States

Sentencing Guideline 5K1.1. The defendant acknowledges and understands that he has not entered into any cooperation agreement with the government.

8.  The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9.  The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions regarding the application of the Sentencing Guidelines:

   a.  <u>Applicable Guideline</u>: That the applicable Sentencing Guideline is 2G1.3.

   b.  <u>Base Offense Level</u>: That the base offense level, pursuant to 2G1.3(a)(4), is 24.

   c.  <u>Specific Offense Characteristic</u>: That the defendant should receive a two-level increase pursuant to 2G1.3(b)(4) of the Sentencing Guidelines because the offense involved the commission of a sex act or sexual contact.

d. <u>Specific Offense Characteristic</u>: That the defendant should receive an eight-level enhancement pursuant to 2G1.3(b)(5), because the events involved minors who had not attained the age of 12 years.

e. <u>Chapter Four Enhancement</u>: That the defendant should receive a five-level enhancement pursuant to 4B1.5(b)(1) because the defendant engaged in a pattern of activity involving prohibited sexual conduct.

f. <u>Multiple Counts Grouping and Combined Offense Level</u>: That, pursuant to 3D1.2(b), counts 7 and 14 group together, and counts 8 and 15 group together. This results in two groups, each with an offense level of 39. The combined offense level is 41.

g. <u>Overall Guidelines Range</u>: That, after a three-level reduction for acceptance of responsibility, the final offense level is 38. With a criminal history category of I, the defendant's guidelines range is 235-293.

10. The Government agrees that, other than the enhancements identified in Paragraph 9, it will not seek any further enhancements under the Sentencing Guidelines.

11. The United States and the defendant agree to recommend that, although not binding on the probation office or the court, the court sentence the defendant to 240 months imprisonment, which is within the applicable guidelines range as set forth above, followed by lifetime supervised release. Although not binding on the probation office or the court, the United States and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case. In

addition, the United States and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the court neither vary upward nor vary downward in imposing a sentence in this case.

## RESTITUTION

12.     Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses pursuant to 18 U.S.C. §§3663, 3663A. The United States and defendant stipulate and agree that the amount of restitution that the defendant shall pay to Minor A ("C.T."), is $100,000.00 (one hundred thousand dollars, United States currency). In addition, the United States and defendant stipulate and agree that the amount of restitution that the defendant shall pay to Minor B (also with initials "C.T."), is $100,000.00 (one hundred thousand dollars, United States currency).

13.     Defendant further agrees to comply with any restitution order entered into at the time of sentencing and that he will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made. Defendant agrees not to oppose or object to any efforts undertaken by the United States to secure Defendant's payment of any fine, restitution, assessment or other financial obligation imposed as part of Defendant's sentence. Such efforts may include, but are not limited to, levy of the following assets pursuant to a writ of execution:

    a.    5080 Davie Road, #304C
           Davie, Florida 33314

    b.    5080 Davie Road, #302C
           Davie, Florida 33314

    c.    19 Vista Gardens Trail, #203
Vero Beach, Florida 32962

Defendant represents that he has a substantial non-exempt interest in the foregoing property and that the property is subject to execution for the purpose of securing his payment of the financial obligations imposed in his criminal sentence.

14.    Defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, Defendant agrees that, before sentencing, Defendant shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly by Defendant. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since October 27, 2009, including the location of the assets and the identity of the third parties.

15.    The defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and are subject to immediate enforcement by the United States.

16.    The United States and the defendant agree to recommend the following to the court concerning defendant's payment of restitution while incarcerated. During the period of incarceration, if the defendant earns wages in a prison job, including a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by the Judgment. If the defendant's prison commissary account is funded through any other source, including any outside source, then, each month, the defendant must pay 50% of the funds received from that other source toward the financial obligations imposed by the Judgment. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

7

## FORFEITURE

17. The defendant also voluntarily agrees to forfeit all of his right, title and interest in one HP laptop computer with power cord, serial number CNF 6120 XJ6, which property was used and intended to be used to commit the violations alleged in the indictment. The defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or further notification of any judicial or administrative forfeiture proceedings brought against said assets.

18. The defendant also agrees that he shall assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture or other transfer to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which can be used to satisfy the restitution order in this case. Such assistance includes an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of any assets, including but not limited to the real property that has been identified in paragraph 13 of this plea agreement. Additionally, defendant agrees to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to said property.

## APPEAL WAIVER

19. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange

for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

20. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings unless contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea.

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

Date: 12-22-09.    By: _____
MARLENE RODRIGUEZ
ASSISTANT UNITED STATES ATTORNEY

Date: 12-22-2009   By: _____
ANITHA IBRAHIM
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE

Date: 12-22-09    By: _____
ROBERT BERUBE
ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEY FOR DEFENDANT

Date: 12-22-09    By: _____
DONALD MATHIAS
DEFENDANT

10